Docket No. <u>11-56990</u>

In the

# Unites States Court of Appeals

for the

# Ninth Circuit

---

GONZALO ESPINOZA and ROSALBA ESPINOZA,

*Plaintiffs, Appellants*

v.

BANK OF AMERICA, N.A. and SRA ASSOCIATES, INC.,

*Defendants, Appellees*

---

Appeal from the Decision of the United States District Court for the Southern District of California.  Docket No.: 3:11-cv-00894-IEG -NLS Hon. Irma M. Gonzalez

## APPELLANTS' REPLY BRIEF

Andrew R. Stilwell, Esq.
STILWELL & ASSOCIATES, INC.
4669 Murphy Canyon Road, Suite 200
San Diego, California 92123
(858) 715-3900
(858) 715-3977

*Attorney for Appellants,*
*Gonzalo and Rosalba Espinoza*

# TABLE OF CONTENTS

**Description**                                                                    **Page**

**INTRODUCTION**                                                                    1

**STATEMENT OF ISSUES**                                                             2

**ARGUMENT**                                                                        3

    Anti-Deficiency Protections Are Broad And Far-Reaching      3

    Waiver Is Impossible                                        4

    Appellees Are Estopped From Seeking Deficiency             4

    The Relationship Between Section 580b and Section 580d      6

    There Is No Retroactivity In Applying Section 580e Herein   7

    California's Common Law Anti-Deficiency Protections Are     9
    Alive And Well

    **CONCLUSION**                                             11

# TABLE OF AUTHORITIES

<u>CITES</u>                                                                                <u>PAGE</u>

*Bank of America v. Graves,* 51 Cal.App.4th 607, 611 (1996)          3, 6, 10-11

*Birman v. Loeb,* 64 Cal.App.4th 502, 511-514 (1998)               3-4

*Brown v. Jensen,* 41 Cal.2d 193, 197, 198 (1953)                 3, 6

*California Bank v. Stimson,* 89 Cal.App.2d 552, 555 (1949)          11

*Common Wealth Mortgage Assurance Company v. Superior Court,* 3-4
211 Cal.App.3d 508, 515, 517 (1989)

*Dreyfuss v. Union Bank of California,* 24 Cal.4th 400, 411(2000)    5

*Freedland v. Greco,* 45 Cal.2d 462, 467 (1955)                  4, 7-8, 10

*Girardo v. Antonioli,* 14 Cal.4th 39, 48, 50, 52-53 (1996)         11

*Hibernia Savings & Loan Society v. Thornton,* 109 Cal. 427, 429    9, 11
(1895)

*In re Prestige Ltd. Partnership-Concord,* 234 F.3d 1108, 1116 (9th  6
Cir. 2000)

*Lawler v. Jacobs,* 83 Cal.App.4th 723, 736-737 (2000)             11

*Pacific Valley Bank v. Schwenke,* 189 Cal.App.3d 134, 140-141     5, 7, 11
(1987)

*Roseleaf Corporation v. Chierighino,* 59 Cal.2d 35, 43-44 (1963)   4-6

*Union Bank v. Gradsky,* 265 Cal.App.2d 40, 41, 47, 48 (1968)     3, 5

*Western Security Bank v. Superior Court,* 15 Cal.4[th] 232, 235, 243,     3, 7-8
254, 255 (1997)

*Westinghouse Credit Corp. v. Barton,* 789 F.Supp. 1043, 2045     3
(C.D. Cal. 1992)

<u>CODES</u>

Code of Civil Procedure section 580b     6

Code of Civil Procedure section 580d     6

Code of Civil Procedure section 580e     8

Stilwell & Associates, Inc.
Attorneys at Law
San Diego, California

iii

APPELLANTS' REPLY BRIEF
TABLE OF AUTHORITIES

## INTRODUCTION

GONZALO ESPINOZA and ROSALBA ESPINOZA (hereafter "Appellants") are seeking this honorable Court's reversal of the Trial Court's granting of BANK OF AMERICA, N.A.'s and SRA ASSOCIATES, INC.'s (hereafter jointly[1] referred to as "Appellees") motion to dismiss. Fed. R. Civ. Proc. 12(b)(6). Appellants wish to briefly clarify and refute some of the points raised within Appellees' Answering Brief (hereafter "AAB").

The simple undeniable fact herein is that the anti-deficiency protections cannot be avoided through artifice, and the judiciary must be vigilant in broadly construing the protections against attempts by lenders to evade them. The statutory protections, the common law protections, and the unwaivable public policy behind them have been instituted for over a century to protect individual homeowners from sophisticated attempts to breach the shield that has protected them for over a century. The short sale is simply the latest artifice being utilized by Appellees, and Appellants request this Court to join its predecessors in shielding homeowners from such subversion.

---

[1] As alleged in the pleadings, SRA Associates, Inc. is the collection agent for Bank of America, N.A., and throughout the entire time described in the first amended complaint was acting as an agent for Bank of America, N.A., and will be referred to jointly as "Appellees" based on the fact that the agent or assignee steps into the shoes of the principle or assignor.

## STATEMENT OF ISSUES

The AAB relies extremely heavily on Appellants' purported waiver of the anti-deficiency protections, their assertion that Bank of America never actually elected a non-judicial remedy, the alleged retroactivity of section 580e's application, and the purposeful ignorance of California's century's old common law protections.  Appellants respond with the following points:

1.     The statements made in the short sale agreement and the recovneyance deed are void as violating public policy, and cannot be relied upon to thwart anti-deficiency.

2.     Once the short sale was completed, Appellees had reached the point of no return, for which estoppel (separately from section 580d) now bars Appellees from the deficiency.

3.     There are no alterations of substantive rights, which is a prerequisite to finding retroactivity in a statute.  Therefore, section 580e's application is not constitutionally improper.

4.     The common law has never been superseded by statute, but has instead been frequently utilized throughout the twentieth century to shield homeowners from sophisticated lenders seeking to subvert the statutory protections.

# ARGUMENT

<u>Anti-Deficiency Protections Are Broad And Far-Reaching</u>

The overarching principle that cannot be missed is: the California anti-deficiency protections are to be liberally construed and broadly interpreted in favor of protecting the borrower. *Western Security Bank v. Superior Court*, 15 Cal.4[th] 232, 235 (1997); *Brown v. Jensen*, 41 Cal.2d 193, 197 (1953); *Bank of America v. Graves*, 51 Cal.App.4[th] 607, 611, fn. 3 (1997); *Commonwealth Mortgage Assurance Co. v. Superior Court*, 211 Cal.App.3d 508, 515 (1989). The federal bench has also recognized this seminal principle. *Westinghouse Credit Corp. v. Barton*, 789 F.Supp. 1043, 1045 (C.D. Cal. 1992).

The great majority of Appellees' brief is dedicated to an attempt to provide this Court with a very limited and narrowed interpretation of the anti-deficiency protections in spite of this firmly established principle.

However, time and time again both the state and federal judiciary have ruled that private devises that are not foreclosures are covered by these protections. *Birman v. Loeb*, 64 Cal.App.4[th] 502, 511 (anti-deficiency protections apply to equitable set-offs by lender); *Union Bank v. Gradsky*, 265 Cal.App.2d 40, 47 (anti-deficiency protections applied to a guarantee signed with the mortgage); *Western Security Bank v. Superior Court*, supra, 15 Cal.4[th] at p. 248 (anti-deficiency protections applied to stand-by letters of credit before the legislature amended the

law); *Commonwealth Mortgage Assurance Co. v. Superior Court*, 211 Cal.App.3d 508, 517 (anti-deficiency protections applied to indemnification agreements). If the strong public policy behind the anti-deficiency protections would be violated by the acts taken by Bank of America, then the anti-deficiency protections are broad enough to cover them. *Birman v. Loeb*, *supra*, 64 Cal.App.4[th] at p. 511.

Waiver Is Impossible

Appellees next assert waiver. (AAB, pp. 5-6). Again, Appellees argument has already been roundly denied as contrary to public policy. *Freedland v. Greco*, 45 Cal.2d 462, 467 (1955) [ruling that a party cannot waive the anti-deficiency protections under section 580d]. Any reliance on a waiver, known to be void for over 60 years, cannot be utilized to thwart the legislature's stalwart public policy.

The purpose of section 580d is to put parity between judicial and private enforcement. *Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 43-44 (1963). The lynch pin is redemption. Judicial enforcement grants redemption and deficiency rights, while private enforcement results in neither. *Ibid*. Therefore, the legislature's policy is enforced by the preclusion of deficiency rights after private short sales, where there is no redemption.

Appellees Are Estopped From Seeking Deficiency

Appellees' objections to estoppel are also contrary to the law. Once a party has passed the point from which they cannot change course, estoppel keeps that

party from asserting a contrary position. *Union Bank v. Gradsky*, 265 Cal.App.2d 40, 41 (1968). That "point of no return" in the anti-deficiency analysis is when the borrower's right to redemption is extinguished. *Dreyfuss v. Union Bank of California*, 24 Cal.4th 400, 411, citing *Roseleaf Corp. v. Chierighino*, *supra*, 59 Cal.2d at pp. 43-44.

Here, Bank of America had three options: (1) judicial foreclosure; (2) non-judicial foreclosure; and (3) short sale. Non-judicial foreclosure and short sale negate Appellants' right to redemption. *Dreyfuss v. Union Bank of California*, *supra*, 24 Cal.4th at p. 411. Additionally, Bank of America failed to put a contractual right to redemption into their short sale agreement, which they certainly had the power to do. Instead, Bank of America affirmatively chose, after doing their own independent due diligence, the short sale without any statutory or contractual right to redemption.

Upon the closing of the short sale and recordation of the reconveyance deed, Bank of America had chosen its non-judicial remedy, and Appellants were free of any obligation to pay the deficiency. *Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 43-44 (1963); see also *Pacific Valley Bank v. Schwenke*, 189 Cal.App.3d 134, 140-141 (1987) [a mortgage is a conditional promise to pay a deficiency only upon judicial foreclosure].

<u>The Relationship Between Section 580b and Section 580d</u>

Appellees devoted an entire section of their brief to the idea that Appellants are confusing the protections under section 580b and 580d.  (AAB, pp. 14-17).  Section 580b provides anti-deficiency protections to all purchase money mortgages, which are mortgages utilized to originally purchase real estate.  Code of Civ. Proc. § 580b.  Section 580d provides the same protections for all other "notes secured by real estate under a deed of trust."  Code of Civ. Proc. § 580d; *Brown v. Jensen*, 41 Cal.2d 193, 197.

Since the *Brown* decision, the courts have granted only one greater attribute to section 580b over section 580d, which is to sold-out junior lienholders.  *In re Prestige Ltd. Partnership-Concord*, 234 F.3d 1108, 1116 (9th Cir. 2000), citing *Roseleaf Corp. v. Chierighino*, *supra*, 59 Cal.2d at pp. 43-44.  Other than this one exception, the protections under section 580b and 580d are identical, one as to purchase money trust deeds and the other to all other trust deeds.  Try as they might, Appellees cannot sincerely characterize themselves as sold-out junior lienholders.

A sold-out junior lienholder is a junior position lienholder that loses or devalues its security interests "through no fault of their own."  *Bank of America v. Graves*, 51 Cal.App.4[th] 607, 611.  If Bank of America had chosen not to agree to the short sale, thereby forcing the first lienholder to foreclose on the Property, and

Bank of America's security interest was destroyed in the process, then they would be a sold-out junior lienholder. Their security interest would have been destroyed through the fault of the first lienholder's foreclosure, not through their affirmative acts in the short sale. *Ibid*. Much to Appellees' chagrin, Bank of America did act, and directly through those acts, Bank of America's security interests were destroyed. Therefore, they do not meet the definition of a sold-out junior lienholder, and are barred from deficiency under section 580d.

<u>There Is No Retroactivity In Applying Section 580e Herein</u>

In order for there to be an illegal retroactive effect, a statute must "substantially change the legal consequence of past events." *Western Security Bank v. Superior Court*, 15 Cal.4th 232, 243 (1997). Appellees argue that section 580e's application would negate the "promise to pay" allegedly made by Appellants. (AAB, p. 26). Appellants have only made one promise to Appellees: that they would pay any deficiency upon judicial foreclosure. *Pacific Valley Bank v. Schwenke*, 189 Cal.App.3d 134, 140-141. This promise, of course, was the mortgage.

Appellees claim that the statements made in the short sale agreement constitutes a promise to pay. (AAB, p. 26). However, the language would constitute a waiver of Appellants' anti-deficiency protections, which has been shown above to be void as contrary to public policy. *Freedman v. Greco*, *supra*,

45 Cal.2d at p. 467.  Therefore, the legal consequences of a void waiver are nothing, and application of section 580e would not substantially change that. *Western Security Bank v. Superior Court*, *supra*, 15 Cal.4[th] at p. 243.  Without the substantial change required in *Western Security*, the application of section 580e's protections, as a matter of law, are not retrospective.

It is also very telling to look at the language of section 580e.  The legislature was not regulating short sales in this law, but deficiencies.  In the first two lines of the law the word "deficiency" is used three times.  Code of Civ. Proc. § 580e ["No **deficiency** shall be owed or collected, and no **deficiency** judgment shall be requested or rendered for any **deficiency** upon a note …."(**emphasis added**).].

Even though "deficiency" is sprayed throughout the law, Appellees continue to insist that the single mention of the word "sells" mandates application only to short sales that occur after July 15, 2011.  (AAB, p. 24).  However, section 580e is an anti-deficiency law, not a short sale law.  It is listed with all the other anti-deficiency statutes, it precludes deficiencies, and has no regulatory effect over short sales.

The law is specific in which type of deficiency it is proscribing, i.e. a post-short sale deficiency, just like section 580b proscribes purchase money deficiencies.  However, nowhere in the law does it require that the short sale have

occurred on or after the effective date of the law. Instead it acts as a bar against any deficiency judgment or collection on a deficiency after a short sale.

The legislature could have very easily stated that the law was intended to apply to all short sales closing after the effective date of the law, but that was not the focus of the legislature's pen. Their focus was on deficiencies outstanding on July 15, 2011, and the elimination of them. The legislature utilized the generic form of the word sell to indicate the broadest scope of judicial interpretation, to preclude any post-short sale deficiency.

<u>California's Common Law Anti-Deficiency Protections Are Alive And Well</u>

Appellees' contention that California's anti-deficiency protections are solely a creation of statute is contrary to over a century of jurisprudence. Appellees contend that there was no anti-deficiency prior to the enactment of sections 580a, 580b, and 580d. (AAB, p. 29). However, in the very next page acknowledge the *Hibernia* rule. (AAB, p. 30).

It is the *Hibernia* rule that is the seminal watershed case for the common law anti-deficiency protections. This protection was established 40 years before the enactment of the anti-deficiency statutes. *Hibernia Sav. & Loan Soc'y v. Thornton*, 109 Cal. 427, 429 (1895). It is therefore ridiculous to assert that the anti-deficiency protections did not exist before the enactment of sections 580a, 580b, and 580d.

In their attempts to distinguish *Hibernia* from the case at bar, Appellees lump in the substantive analysis of *Hibernia's* underlying facts into the general rule of law in an attempt to show that Appellants could (and did) waive the *Hibernia* protections.  (AAB, p. 30).  The *Hibernia* rule states: "when a mortgagee, by his own act or neglect, deprives himself of the right to foreclose the mortgage, he at the same time deprives himself of the right to an action upon the note."  *Bank of America v. Graves*, 51 Cal.App.4[th] 607, 611 (1997).

Factually present within *Hibernia*, the lender failed to make a claim within the probate administration, which subsequently placed clean title into the surviving spouse's name.  The lender therein attempted to proceed against the surviving spouse for the debt, and the *Hibernia* court found that it was the lender's inaction (i.e., failure to make a claim in probate) that barred his action for the debt. *Hibernia*, *supra*, at p. 429.  The court stated that the lender could not waive his obligation to file a claim in the probate court and proceed against the surviving spouse for the deficiency since the lender's security interest was destroyed by probate. *Ibid*.

Nowhere within the *Hibernia* case does the court state that a borrower can waive the protections, nor has there been a case stating waiver is proper since. Every case contemplating waiver of anti-deficiency protections has been adjudicated against waiver.  *Freedland* v. *Greco*, *supra*, 45 Cal.2d at p. 467;

*Lawler v. Jacobs*, 83 Cal.App.4[th] 723, 736-737 (2000); *California Bank v. Stimson*, 89 Cal.App.2d 552, 554-555 (1949).

The *Hibernia* progeny states emphatically that when Bank of America executed and recorded the reconveyance deed, thereby destroying their security interest in exchange for $26,000.00, Bank of America also deprived itself of the right to an action upon the note. *Hibernia Sav. & Loan Soc'y v. Thornton*, 109 Cal. 427, 429 (1895); *Ghirardo v. Antonioli*, 14 Cal.4[th] 39, 48, 50, 52-53 (1996); *Bank of America v. Graves*, 51 Cal.App.4[th] 607, 611 (1997); *Pacific Valley Bank v. Schwenke*, 189 Cal.App.3d 134, 140-141 (1987).

## CONCLUSION

THEREFORE, there are no grounds for which the Trial Court's ruling can be upheld. Accordingly, Appellants respectfully request this honorable court to reverse the Trial Court's order sustaining Appellees' motion to dismiss under FRCP, Rule 12(b)(6), and remand this matter back to the Trial Court with instruction to enter an order denying Appellees' motion to dismiss.

Dated:  March 30, 2012          STILWELL & ASSOCIATES, INC.


                                *s/ Andrew R. Stilwell*
                                ANDREW R. STILWELL, ESQ.,
                                Attorney for Appellants

# CERTIFICATE OF COMPLIANCE

CERTIFICATE OF COMPLIANCE PURSUANT TO CIRCUIT RULES 32(a)(7)

I certify that pursuant to Circuit Rule 32(a)(7)(B) and (C), the attached opening brief is:

\_\_\_ it contains not more than 14,000 words.

or

\_\_\_ it uses a mono spaced face and contains no more than 1,300 lines of text.

or

_**X**_ In compliance with Fed. R. App. 32(a)(7)(A) and does not exceed 15 pages.

Date:  March 30, 2012                              _s/ Andrew R. Stilwell_____
                                                                ANDREW R. STILWELL, ESQ.
                                                                Attorney for Appellants

# PROOF OF SERVICE

## ESPINOZA v. BANK OF AMERICA, et al.
Court Case No: 11-cv-00894 IEG (NLS)

I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Stilwell & Associates, Inc., 4669 Murphy Canyon Road, Suite 200, San Diego, CA  92123.

On **April 2, 2012**, I served the following document described as:

- **APPELLANTS' OPENING BRIEF**

by serving a true copy of the above-described document in the following manner:

| | |
|---|---|
| | ***By Federal Express***.  I am readily familiar with the office practice of Stilwell & Associates for collecting and processing packages for delivery by FedEx, which practice is that when packages are deposited with the Stilwell & Associates personnel responsible for depositing packages with FedEx, such packages are picked up by a representative of FedEx that same day in the ordinary course of business |
| | ***By Facsimile***.  I am readily familiar with the office practice of Stilwell & Associates for collecting, processing, and transmitting facsimiles.  Under that practice, when a facsimile is deposited with the Stilwell & Associates personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business |

| | |
|---|---|
| X | **_By U.S. Mail_**.  I am readily familiar with the office practice of Stilwell & Associates for collecting and processing documents for mailing with the United States Postal Service.  Under that practice, documents are deposited with the Stilwell & Associates personnel responsible for depositing with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid in a sealed envelope |
| | **_By Hand Delivery_**.  I am familiar with the office practice of Stilwell & Associates for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.  Under that practice, documents are deposited to the Stilwell & Associates personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business.  I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Stilwell & Associates Inc for collecting and processing documents for hand delivery by a messenger courier service or a registered process server |
| X | **_By E-mail_**.  I transmitted the above-described documents via electronic mail |

to the parties listed below:

**Aaron M. McKown**               **Attorneys for Bank of America,**
**James P. Litwinovich**          **N.A. and SRA Associates Inc.**
**Bryan Cave LLP**
**3161 Michelson Drive, Suite 1500**
**Irvine, CA 92612-4414**
**aaron.mckown@bryancave.com**
**james.litwinovich@bryancave.com**

Stilwell & Associates, Inc.
Attorneys at Law
San Diego, California

iii

APPELLANTS' REPLY BRIEF
PROOF OF SERVICE

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 2, 2012**, at San Diego, California.

*s/ Stephanie Garza*
STEPHANIE GARZA